JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DAVID BATTINIERI

**(b)** County of Residence of First Listed Plaintiff    Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael A. Siddons, The Law Firm of Michael Alan Siddons, Esq.
16 W. Front Street, Media, PA, 19063
484-614-6546

### DEFENDANTS

ALPHA RECOVERY CORPORATION

County of Residence of First Listed Defendant    State of Colorado
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
   Plaintiff

☒ 3  Federal Question
   *(U.S. Government Not a Party)*

☐ 2  U.S. Government
   Defendant

☐ 4  Diversity
   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

|                          | PTF | DEF |                                                      | PTF | DEF |
|--------------------------|-----|-----|------------------------------------------------------|-----|-----|
| Citizen of This State    | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|---|--------------------|------------|----------------|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☒ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
   Proceeding

☐ 2 Removed from
   State Court

☐ 3 Remanded from
   Appellate Court

☐ 4 Reinstated or
   Reopened

☐ 5 Transferred from
   Another District
   *(specify)*

☐ 6 Multidistrict
   Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1692, et seq.

Brief description of cause:
Debt collection harassment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
09/17/2015

SIGNATURE OF ATTORNEY OF RECORD
*Michael A. Siddons*

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

SEP 21 2015

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 808 Charleston Green, Malvern, PA 19355 **15** **5294**

Address of Defendant: 5660 Greenwood Plaza Blvd, Greenwood Village, CO 80111

Place of Accident, Incident or Transaction: Mavern, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) Consumer Credit

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

SEP 21 2015

DATE: _____    _____    _____
                          Attorney-at-Law        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/23/15    _____    89018
                  Attorney-at-Law        Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

David Battinieri      :

     v.      :

Alpha Recovery Corporation :

CIVIL ACTION

**15**    5294

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 09-17-15 | Michael Siddons | Battinieri, David, Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 484-614-6546 | | msiddons@siddonslaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

SEP 21 2015

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BATTINIERI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   15   0294 |
| | ) | |
| ALPHA RECOVERY CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, DAVID BATTINIERI ("Plaintiff"), through his attorney, The Law Firm of Michael Alan Siddons, Esquire, alleges the following against Defendant, ALPHA RECOVERY CORPORATION. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. 1692, et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing at Malvern, Chester County, Pennsylvania.

1

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a national collection agency with a business office in Greenwood Village, Colorado.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned a reference number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged medical debt from Plaintiff originating with Comcast.

18. Plaintiff's alleged debt arises from transactions for personal, family, and household

2

purposes.

19. In or around May, 2015, Defendant began calling Plaintiff at his place of employment at 610-994-69xx.

20. Defendant calls from 720-509-1925, which is one of Defendant's numbers.

21. In or around May, 2015, Plaintiff answered one of Defendant's telephone calls to his work telephone numbers and spoke with one of Defendant's collectors.

22. During the aforementioned conversation, Plaintiff requested Defendant stop calling him at his place of employment because he could not accept calls at work.

23. Despite Plaintiff's request, Defendant continued to place collection calls to Plaintiff at his place of employment.

24. In or around May 26, 2015, Defendant left a voicemail message on Plaintiff's work telephone.

25. The aforementioned voicemail messages states:

> "Hello. This message is for David Battinieri. If you are not David Battinieri please hang up. I have to advise you that this is an attempt to collect a debt. Any information obtained will be used for that purpose. Umm..I've been trying to call you for a while, and for some reason you are avoiding me. I need you to give me a call back as soon as possible…"

26. During the aforementioned message, Defendant's collector failed to state that the call is from ALPHA RECOVERY CORP.

27. Defendant's collector that left the voicemail message for Plaintiff is familiar with the FDCPA.

28. Defendant's collector that left the voicemail message for Plaintiff was working within the scope of their employment when communicating with Plaintiff in an attempt to collect on the debt.

3

29. Defendant's collector that left the voicemail message for Plaintiff knows the FDCPA requires debt collectors to identify the company's name when communicating with Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

30. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any time or place known to be inconvenient to the consumer, when Defendant continued to call Plaintiff at Plaintiff's place of employment after Plaintiff requested Defendant stop calling him at work;

   b. Defendant violated §1692c(a)(3) of the FDCPA by communicating with a consumer at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication, when Defendant continued to call Plaintiff at Plaintiff's place of employment after Plaintiff requested Defendant stop calling him at work;

   c. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to call Plaintiff at Plaintiff's place of employment after Plaintiff requested Defendant stop calling him at work;

   d. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff,

4

when Defendant continued to call Plaintiff at Plaintiff's place of employment after Plaintiff requested Defendant stop calling him at work; and

e. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant failed to identify itself as ALPHA RECOVERY CORPORATION when placing collection calls to Plaintiff.

WHEREFORE, Plaintiff, DAVID BATTINIERI, respectfully requests judgment be entered against Defendant, ALPHA RECOVERY CORPORATION, for the following:

31. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

32. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

33. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

September 17, 2015

By: _Michael A. Siddons_

Michael A. Siddons
Attorney #89018
The Law Firm of Michael Alan Siddons, Esquire
16 West Front Street
Media, PA 19063
Tel: 484-614-6546
msiddons@siddonslaw.com
Attorney for Plaintiff

5